IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CHRISTINE M. LUCAS** <br>   **Trustee Robert Lucas Family Trust** <br>                         **Plaintiff,** <br><br>    v. <br><br> **JONNIE LUCAS, SR.** <br> **RICHARD HIGH, SR.** <br> **HONORABLE JUDGE JOHN W.** <br>   **DEBELIUS** <br>                         **Defendants.** | * <br><br> * <br><br> *   **CIVIL ACTION NO. PWG-15-1435** <br><br> * <br><br><br> * <br><br> * <br> ***** |

## **MEMORANDUM**

Plaintiff, a resident of Cabin John, Maryland, filed this self-represented complaint invoking this Court's 28 U.S.C. § 1331 federal question jurisdiction and citing to civil rights provisions, Article XIII, and "Uniform Trust Law." ECF No. 1. The complaint seemingly challenges an administrative trust and seeks an injunction to enjoin the Circuit Court for Montgomery County from "aiding in the illegal trading" of her Cabin John, Maryland property which is currently for sale based upon an alleged illegal foreclosure action. *Id.* Plaintiff alleges that her pleadings in the Circuit Court were denied, thus thwarting her ability to allow the liquidation and distribution of her father's trust so that his wishes would be followed and she would inherit properties as he intended. *Id.* Plaintiff claims that the former trustee of the Trust, Jonnie Lucas, Sr., used the property's assets to obtain loans through misrepresentation, fraud, and breaches of fiduciary responsibility. She further references a number of civil actions filed in the Circuit Court for Montgomery County involving the Trust and foreclosure of the Cabin John property.[1] *Id.* at 8-13 & 15-18.

---

[1]     Attachments to the complaint include photocopies, plats, and deeds of the Cabin John property; an envelope from the Circuit Court for Montgomery County; an article regarding the U.S. Justice Department's

Plaintiff is no stranger to this Court.  In *Lucas v. Bierman, Geesing, Ward, LLC, et al.*, Civil Action No. DKC-11-161 (D. Md.), Plaintiff sued CitiMortgage and the law firm who was pursuing the foreclosure sale of the Cabin John, Maryland property on CitiMortgage's behalf.  The complaint was dismissed on CitiMortgage's motion to dismiss, the Court finding that Plaintiff had failed to set out a federal question and there was no federal subject matter jurisdiction.  *Id*. at ECF Nos. 15 & 16.

On April 23, 2013, Plaintiff again filed suit against CitiMortgage, Inc., collaterally attacking state court orders involving the Cabin John property.  *See Lucas v. CitiMortgage, Inc.,* Civil Action No. AW-13-1196 (D. Md.).  The complaint was summarily dismissed on May 22, 2013, under the *Rooker-Feldman* doctrine and claim and issue preclusion.  *Id*. at ECF Nos. 6 & 7.  On October 24, 2013, that determination was affirmed on appeal by the United States Court of Appeals for the Fourth Circuit.  *See Lucas v. CitiMortgage*, *Inc*., 544 F. App'x 195 (4th Cir. 2013).  Plaintiff again filed suit against CitiMortgage, Inc. on March 25, 2014, in *Lucas v. CitiMortgage, Inc.*, Civil Action No. PJM-14-915 (D. Md.), again raising issues regarding the family trust and the fraudulent conduct committed by her brother Jonnie Lucas, Sr.  She sought damages under 28 U.S.C. § 1331, 42 U.S.C. § 1982, and Article XIII of the U.S. Constitution.   On April 14, 2014, the Court summarily dismissed the case, again invoking the *Rooker-Feldman* doctrine, claim and issue preclusion, and *res judicata*.  *Id*. at ECF Nos. 3 & 4.  The Fourth Circuit again affirmed the judgment on July 31, 2014.  *See Lucas v. CitiMortgage*, *Inc*., 5804 F. App'x 187 (4th Cir. 2014).

---

settlement with Citigroup, Inc.; a transcript portion from what may be a Congressional Black Caucus hearing; Plaintiff's notice and letter to the United States Attorney and the Federal Bureau of Investigation; and print-outs from residential property internet listings. ECF Nos. 1-1 to 1-12. The attachments also include state court orders and pleadings issued by Montgomery Court Circuit Court Judges and filed by Plaintiff and CitiMortgage, Inc. in state court. ECF Nos. 1-13 to 1-19.

This case represents the fourth time Plaintiff has attempted to litigate her issues with the Robert Lucas Family Trust ("Trust"), the foreclosure of the Cabin John property in question, and state court actions in Montgomery County, Maryland.  This she may not do.

To the extent that Plaintiff is attempting to collaterally attack state court orders involving the Cabin John property, the *Rooker-Feldman* doctrine will not permit her to do so.  In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923), the Supreme Court formulated a general rule that distinguishes general constitutional challenges to state laws and regulations, over which federal courts have jurisdiction, from requests for review of specific state court decisions, over which they have no jurisdiction.  Federal claims that are "inextricably intertwined with" state court decisions in judicial proceedings fall outside of the federal court's jurisdiction.  *See Feldman*, 460 U.S. at 486-87.  The *Rooker-Feldman* doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284; *see also Lance v. Dennis*, 546 U.S. 459, 460 (2006); *Davani v. Va. Dep't of Transp.*, 434 F.3d 712 (2006).  Simply put, the *Rooker-Feldman* doctrine is a judicially-created doctrine that bars lower federal courts from reviewing certain state court actions.  If the source of the alleged injury is the state court decision, then the *Rooker-Feldman* doctrine will apply to divest the district court of jurisdiction.  *See Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 87 (2d Cir. 2005).

Further, consideration of Plaintiff's claims would require me to reconsider prior state court decisions, including orders and judgments determining real property rights.    As Plaintiff's

allegations are "inextricably intertwined" with decisions of Maryland state courts, the Court lacks subject matter jurisdiction of these claims under *Rooker-Feldman*.[2]  *See* 28 U.S.C. § 1257. Additionally, any state court decision is entitled to both issue and claim preclusive effect.  *See* 28 U.S.C. § 1738; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 84-86 (1984).  Federal courts must give the state judgments the same effect as would the courts of the judgment state.[3]

The complaint shall be dismissed.  A separate order will issue.

Date: June 3, 2015                                            /S/
                                                     Paul W. Grimm
                                                     United States District Judge

---

[2]  The Supreme Court held in *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415-16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) ("the *Rooker-Feldman* doctrine") that a United States District Court has no authority to review final judgments of a state court in judicial proceedings except for general constitutional challenges and reviews pursuant to an application for a writ of habeas corpus. The United States Supreme Court is the only federal court that may review a state court's judicial decisions. *See* 28 U.S.C. § 1257(a).

[3]  In Maryland, *res judicata* applies when there has been a final judgment on the merits, there exists identity of the parties or privies, and the causes of action in successive suits are the same.  *See Snell v. Mayor of Havre de Grace*, 837 F.2d 173, 175 (4th Cir. 1988).  Further, under Maryland law collateral estoppel applies if the issue decided in prior adjudication is identical to issue in the present action, there was a prior final judgment on the merits, and the party against whom the decision is being used was party to the prior action. *O'Reilly v. Cnty. Bd. of Appeals*, 900 F.2d 789, 791 (4th Cir. 1990).